# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VINCENT DARBEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **SOUTHWEST AIRLINES, INC. and** | § | |
| **DANIEL NURNBERG,** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF PLEADINGS FILED IN STATE COURT

| Exhibit | Document Name | Date Filed |
|:---:|---|---|
| 1 | State Court Docket Sheet | |
| 2 | Plaintiff's Complaint and Rule 194 Request for Disclosure | 04/13/2020 |
| 3 | Citations | |
| 4 | Defendants' Original Answer and Defenses | 05/15/2020 |
| 5 | Defendants' Motion to Dismiss (filed for preservation purposes) | 05/20/2020 |

Respectfully submitted,

By: _____*/s/ Kristin Snyder Higgins*_____
     KRISTIN SNYDER HIGGINS
     Texas State Bar No. 24046880
     kristin.higgins@ogletree.com
     JEREMY W. HAYS
     Texas State Bar No. 24083156
     jeremy.hays@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800 (Phone)
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


_/s/  Kristin Snyder Higgins_
KRISTIN SNYDER HIGGINS


42625324.1

# EXHIBIT 1

## Case Information

DC-20-05554 | VINCENT DARBEY vs. SOUTHWEST AIRLINES INC, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-20-05554 | 192nd District Court | SMITH, CRAIG |
| File Date | Case Type | Case Status |
| 04/13/2020 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
DARBEY, VINCENT

Active Attorneys ▾
Lead Attorney
PITZNER, STEVEN
ROBERT
Retained

DEFENDANT
SOUTHWEST AIRLINES INC

Address
CORPORATE OFFICE
2702 LOVE FIELD DRIVE
DALLAS TX 75235

Active Attorneys ▾
Lead Attorney
SNYDER, KRISTIN M
Retained

DEFENDANT
NURNBERG, DANIEL

Address
3432 WYMAN ST
DALLAS TX 75236

Active Attorneys ▾
Lead Attorney
SNYDER, KRISTIN M
Retained

## Events and Hearings

04/13/2020 NEW CASE FILED (OCA) - CIVIL

04/13/2020 ORIGINAL PETITION ▼

ORIGINAL PETITION

04/13/2020 ISSUE CITATION ▼

ISSUE CITATION
ISSUE CITATION

04/13/2020 CITATION ▼

Served
**04/22/2020**

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**OUT OF COUNTY**

Returned
**04/23/2020**
Comment
**SOUTHWEST ARILINES INC**

04/13/2020 CITATION ▼

Served
**04/22/2020**

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**OUT OF COUNTY**

Returned
**04/23/2020**
Comment
**DANIEL NURNBERG**

Case 3:20-cv-01329-E   Document 1-1   Filed 05/21/20   Page 7 of 47   PageID 10

04/23/2020 RETURN OF SERVICE ▾

EXECUTED CITATION: SOUTHWEST AIRLINES INC

   Comment
   EXECUTED CITATION: SOUTHWEST AIRLINES INC

04/23/2020 RETURN OF SERVICE ▾

EXECUTED CITATION: DANIEL NURNBERG

   Comment
   EXECUTED CITATION: DANIEL NURNBERG

05/15/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - SOUTHWEST AIRLINES INC & DANIE NURNBERG

05/21/2020 MOTION - DISMISS ▾

DEF/MOTION TO DISMISS

## Financial

DARBEY, VINCENT

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $308.00 |
| | Total Payments and Credits | | | $308.00 |
| 4/13/2020 | Transaction Assessment | | | $308.00 |
| 4/13/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 23036-2020-DCLK | DARBEY, VINCENT | ($308.00) |

Case 3:20-cv-01329-E   Document 1-1   Filed 05/21/20   Page 8 of 47   PageID 11

## Documents

ORIGINAL PETITION

ISSUE CITATION

ISSUE CITATION

EXECUTED CITATION: SOUTHWEST AIRLINES INC

EXECUTED CITATION: DANIEL NURNBERG

ORIGINAL ANSWER - SOUTHWEST AIRLINES INC & DANIE NURNBERG

DEF/MOTION TO DISMISS

# EXHIBIT 2

FILED
4/13/2020 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

No. DC-20-05554
_____

| | | |
|---|---|---|
| Vincent Darbey,<br>Plaintiff | § | IN THE DISTRICT COURT |
| v. | | 192ND _____ Judicial District |
| | § | |
| Southwest Airlines,<br>Inc. and Daniel Nurnberg,<br>Defendants | | DALLAS COUNTY, TEXAS |

Complaint of Vincent Darbey against Southwest Airlines and Daniel Nurnberg

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Vincent Darbey (Darbey) and files this his Complaint against Southwest Airlines, Inc., (SWA) and Daniel Nurnberg (Nurnberg) and would show this Honorable Court as follows:

1.    Discovery Control Plan

Discovery in this case is intended to be conducted at Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

2.    Parties

Plaintiff Vincent Darbey (Darbey) is a Texas resident individual residing at 1421 Summerwind Lane, Lewisville, TX and is a resident of Denton County, TX.

Defendant Southwest Airlines, Inc. (SWA) is Texas Corp. and can be served by serving any President, Vice President, or Corporate officer at its' corporate office at 2702 Love Field

Drive, Dallas, TX 75235.  Said Defendant is subject to the jurisdiction of this Court in that

the transaction(s)  in question occurred at a branch office of  SWA located at  2432 Wyman

Street, Dallas (Dallas County, TX) 75235.

Defendant Daniel Nurnberg (Nurnberg)  is the SOS Center Support Leader and the

Individual who perpetrated the unlawful acts of SWS which resulted in Darbey's unlawful

termination by SWS.   Said Defendant can be served at his business residence at 2432

Wyman St., Dallas, TX 75236.


### 3.      Jurisdiction and Venue

Jurisdiction and Venue is proper in Dallas County, TX, in that the transaction or

transaction(s) and/or the torts as referenced herein (i.e. the fraud and/or misrepresentation

and/or unlawful dismissal of Darbey from his employment with SWA all  in reference to

and/or related to the then further unlawful termination of Darbey as an employee with SWA

by letter of Daniel Nurnberg (Nurnberg)  dated Feb. 7, 2020 after a procedurally defective

hearing conducted by Nurnberg as hearing officer for SWA  all occurred in Dallas County,

TX.

4.      Facts Supporting Claims for Unlawful Termination,
Breach of Contract, Misrepresentation and/or Statutory
Fraud

Darbey received a termination letter from Nurnberg on behalf of SWA on Feb. 7, 2020. It

appears Nurnberg had a personal grudge and/or personal vendetta to remove Darbey from

SWA employment without cause and outside the normal procedures and/or policies of SWA.

 Specifically, SWA has a policy of "corrective discipline" allowing an accused employee

such as Darbey the opportunity to "self improve" as to issues such as those alleged in

Nurnberg's termination letter to Darbey (copy attached hereto as Exhibit "A" and herewith

incorporated by reference for all purposes).  However, said "corrective discipline" was never

offered to Darbey but alternatively a hearing was scheduled for the sole purpose of

terminating Darbey by Nurnberg for SWA totally in violation of federal and/or state "due

process" and further in violation of SWA policies and/or procedures.

Going further, at said hearing,  Darbey was deprived of his "due process" rights such as

being provided  a copy of any statement of complainant(s) and/or the ability to confront

and/or cross-examine such complainant(s) which under the policies and/or procedures of

SWA should have been provided to Darbey at the hearing.  Further, instead of "corrective

discipline" as required by the SWA handbook which would have allowed Darbey a period of time to show a "change in attitude" to correct the alleged employee deficiencies the hearing panel assembled by Nurnberg just went ahead and terminated him which is unheard of for an employee of over 10 years service for SWA with almost no other issues prior to said hearing date in such lengthy SWA employment history  and at best should be considered "unconscionable" and/or "highly inappropriate."

In addition, Darbey indicates that SWA has rules in the various employment agreement(s) between I.A.M. (the employees union) and SWA and that said rules require that the I.A.M. Representatives present at the hearing (i.e. Kathy Lopez and/or Dennis Defrank) be provided copies of all materials in the possession of Nurnberg and/or other SWA representatives which caused the convening of the hearing as well as the names of the complainant(s) with an opportunity to interview and/or cross examine same.  None of these procedural requirements took place in the hearing at which Darbey was terminated and thus the hearing is or should be considered void "ab inito" and the dismissal of Darbey by SWA should then further be considered void "ab-initio."

Going further, in accordance with the policies and procedures of SWA,  Darbey understands SWA has progressive discipline and one relatively minor incident which is totally

unsubstantiated due to Darbey's inability per the SWA hearing procedures as noted above does not form the basis for termination and thus Darbey was apparently subjected to discrimination and/or discriminatory tactics under both federal and/or state anti-discrimination policies and procedures as well as relevant state and/or federal anti-discrimination laws.  Thus,  Darbey believes that this Court should after Defendants file their initial answer to this complaint bring in as additional parties Defendant  being court selected representatives of such federal and/or state  governmental entities as needed for a fair investigation as to the illegal action(s) of SWA in this matter.

Finally, such actions, as noted above, are further brought by Darbey before this Court under the TX Uniform Declaratory Judgments Act (Dec Act) under Ch. 37.001 et. seq. (TRCP) (i.e. Texas Civil Practices and Remedies Code) which states (a) "a court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief could be claimed and (b) and said declaration may be either affirmative or negative to the form and effect, and the declaration has the force and effect of a final judgment or decree."

Here, we have a bona-fide dispute to bring under the Act (i.e. are the actions taken by Nurnberg as hearing officer for SWA reasonable and/or do such actions constitute breach of

contract, fraud, deceit, malice, and/or gross negligence for which compensatory as well as punitive damages are proper).  Further, under said Act Darbey claims attorneys' fees, costs and/or expenses.

Case law supports the right of Darbey for a judicial declaration of this Court as to the unlawful and/or inappropriate acts of Nurnberg as hearing officer for SWA in his "unlawful and/or procedurally deficient hearing"  and/or the need for an appropriate court order as to damages for such unlawful and/or inappropriate actions as noted below under the Tex Dec Act:

1. In Bonham State Bank v. Beadle, 907 S.W. 2d 465, 467 (Tex. 1995) the Tex. Sup. Ct. states "a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought."  (see also City of Dallas v. VSC, LLC, 242 S.W. 3d 584, 597 (Tex. App.—Dallas, 2008, pet. Argued 1-19-10).

2. In Texas DPS v. Moore, 985 S.W. 2d 149, 183 (Tex. App.—Austin, 1998 no pet.) the court states a "justiciable controversy is one in which a real and substantial controversy exists involving a genuine conflict of tangible interest and not merely a

theoretical dispute. A justiciable controversy must be distinquished from an advisory opinion, which is prohibited under both the Texas and federal constitutions. A judgment under the UDJA depends on a finding that the issues are not hypothetical or contingent and the questions presented must resolve an actual controversy." (See also Texas Dept. of Ins. V. Reconveyance Servs., 240 S.W. 3d 418, 435 (Tex. App. Austin 2007), rev'd on other grounds, 306 S.W. 3d 256 (Tex. 2010).

Here we clearly have a justiciable controversy under the Tex Dec Act and it is proper for Darbey to ask for this court to determine the issues in question (i.e. the inappropriate and/or unlawful action(s) at the hearing held by Nurnberg for SWA resulting in Darbey's termination with SWA) under the Tex Dec Act so as to protect Darbey from the apparent unlawful attempts to enforce unlawful hearing decisions (i.e. Darbey's termination with SWA).

### 5.    Request for Disclosure

Under Texas Rules of Civil Procedure   (TRCP) 194, Plaintiff requests that Defendants disclose within 50 days of the service of this request, the information or material described in Rule 194.2 (TRCP).

6.    Prayer

For these reasons, Plaintiff Darbey asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a.    Actual damages in the approximate amount of $1M (calculated on normal pay and benefits that Darbey would have received from date of termination to date of normal retirement about 10 years after Darbey's unlawful termination with SWA)

b.    Consequential damages in the amount of approximately $500,000

c.    Exemplary damages as determined to be just and/or appropriate under these specific facts and/or circumstances.

d.    Prejudgment and post-judgment interest as provided by law.

e.    Court costs.

f.    Attorneys' fees.

g.    All other relief to which Plaintiff is entitled against these Defendants.

Respectfully submitted

/Steven R. Pitzner/

Steven R. Pitzner, P.C.
Steven R. Pitzner, Esq.
Bar # 16055900
10701 Gleneagles Lane
Rowlett, TX 75089
469-426-5027
fax 469-969-0351
(e-mail) srpitzner@yahoo.com

Verification

Before me, the undersigned Notary Public, on this day personally appeared Vincent Darbey who after being duly sworn, stated that she has reviewed this Complaint and herewith attests under oath that every statement, allegation, and/or representation as referenced and/or stated in said complaint is within her personal knowledge and is true and correct.

_____
Vincent Darbey

Sworn   to and Subscribed before me this the _____ day of April, 2020.

Notary Public in and for the
State of Texas

_____

My comission expires on: _____ 5-11-23



STEVEN ROBERT PITZNER
My Notary ID # 1125918
Expires May 11, 2023

Darbey v. Southwest Airlines; Cause No. _____ in _____ Jud. Dist. Court, Dallas County, TX; - Page 9 of 9

# EXHIBIT 3

# FORM NO. 353-3 – CITATION
## THE STATE OF TEXAS

**To:**

    **DANIEL NURNBERG**
    **2432 WYMAN ST**
    **DALLAS TX  75236**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VINCENT DARBEY**

Filed in said Court **13th day of April, 2020** against

**SOUTHWEST AIRLINES INC, DANIEL NURNBERG**

For Suit, said suit being numbered **DC-20-05554**, the nature of which demand is as follows: Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of April, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

    By _____, Deputy
        TERESA JONES

---

**ESERVE**

**CITATION**

**DC-20-05554**

**VINCENT DARBEY**
vs.
**SOUTHWEST AIRLINES INC, et al**

ISSUED THIS
**13th day of April, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  TERESA JONES, Deputy

**Attorney for Plaintiff**
**STEVEN R PITZNER**
**STEVEN R PITZNDER PC**
**10701 GLENEAGLES LANE**
**ROWLETT TX  75089**
**214-969-0001**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-20-05554

Court No.192nd District Court

Style: VINCENT DARBEY

vs.

SOUTHWEST AIRLINES INC, et al

Came to hand on the _____ day of _____ 20____ at _____ o'clock _____ o'clock _____ M. Executed at

within the County of _____ at _____ .M. on the _____ day of

20____ , by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

    For serving Citation    $ _____

    For mileage    $ _____ of _____ County, _____

    For Notary    $ _____ By _____ Deputy

    (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20____ ,

to certify which witness my hand and seal of office.

Notary Public _____ County

**ESERVE**

**CITATION**

DC-20-05554

VINCENT DARBEY
vs.
SOUTHWEST AIRLINES INC, et al

ISSUED THIS
**13th day of April, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: TERESA JONES, Deputy

**Attorney for Plaintiff**
STEVEN R PITZNER
STEVEN R PITZNDER PC
10701 GLENEAGLES LANE
ROWLETT TX  75089
214-969-0001

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

---

**FORM NO. 353-3 – CITATION**
# THE STATE OF TEXAS

To:

**SOUTHWEST AIRLINES INC**
**BY SERVING ANY PRESIDENT, VICE PRESIDENT OR CORPORATE OFFICER**
**2702 LOVE FIELD DRIVE**
**DALLAS TX  75235**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VINCENT DARBEY**

Filed in said Court **13th day of April, 2020** against

**SOUTHWEST AIRLINES INC, DANIEL NURNBERG**

For Suit, said suit being numbered **DC-20-05554**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of April, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
        TERESA JONES

# OFFICER'S RETURN

Case No. : DC-20-05554

Court No.192nd District Court

Style: VINCENT DARBEY

vs.

SOUTHWEST AIRLINES INC, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ .M. Executed at _____,

within the County of _____, at _____ o'clock _____ .M. on the _____ day of _____

20 _____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____

For mileage           $ _____  of _____ County, _____

For Notary            $ _____  By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

FILED
4/23/2020 1:30 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Carmen Moorer DEPUTY

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **192nd District Court**

Case Number: DC-20-05554

Plaintiff:
**VINCENT DARBEY**

vs.

Defendants:
**SOUTHWEST AIRLINES, INC., et al.**

Received by EXPRESS LITIGATION SERVICES on the 21st day of April, 2020 at 3:37 pm to be served on **Southwest Airlines, Inc. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E 7th St., Suite 620, Austin, Travis County, TX 78701.**

I, Vivian Smith, being duly sworn, depose and say that on the **22nd day of April, 2020 at 10:25 am, I:**

hand delivered to **Southwest Airlines, Inc.,** a true copy of this **CITATION WITH COMPLAINT OF VINCENT DARBEY AGAINST SOUTHWEST AIRLINES AND DANIEL NURNBERG,** by delivering to its Registered Agent, **CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY,** by and through its designated agent, **JOHN SPIDEL,** at the address of: **211 E 7th St., Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 22nd day of April, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

**Vivian Smith**
PSC-12617, Exp. 5/31/2022

**EXPRESS LITIGATION SERVICES**
**18601 LBJ Freeway**
**Suite 650**
**Mesquite, TX 75150**
**(214) 744-1981**

Our Job Serial Number: PEL-2020001000
Ref: 1000

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k



RECEIVED

APR 2 1 2020
@3:37 PM

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**SOUTHWEST AIRLINES INC**
**BY SERVING ANY PRESIDENT, VICE PRESIDENT OR CORPORATE OFFICER**
**2702 LOVE FIELD DRIVE**
**DALLAS TX  75235**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **192nd District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VINCENT DARBEY**

Filed in said Court  **13th day of April, 2020** against

**SOUTHWEST AIRLINES INC, DANIEL NURNBERG**

For Suit, said suit being numbered **DC-20-05554**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of
which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of April, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
      TERESA JONES



| **ESERVE** |
| --- |
| CITATION |
| **DC-20-05554** |
| **VINCENT DARBEY**<br>**vs.**<br>**SOUTHWEST AIRLINES INC, et al** |
| ISSUED THIS<br>**13th day of April, 2020** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By:  TERESA JONES, Deputy |
| **Attorney for Plaintiff**<br>STEVEN R PITZNER<br>STEVEN R PITZNDER PC<br>10701 GLENEAGLES LANE<br>ROWLETT TX  75089<br>214-969-0001 |

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

RETURN / AFFIDAVIT
PROOF - ATTACHED

# OFFICER'S RETURN

Case No. : DC-20-05554

Court No.192nd District Court

Style: VINCENT DARBEY

vs.

SOUTHWEST AIRLINES INC, et al

Came to hand on the ___21st___ day of ___April___, 20 __20__, at __3:37__ o'clock __P__ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | | |
| For mileage | $_____ | of _____ County _____ | |
| For Notary | $_____ | By _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
4/23/2020 4:54 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

## RETURN OF SERVICE

**State of Texas**                    **County of Dallas**                    **192nd District Court**

Case Number: DC-20-05554

Plaintiff:
**VINCENT DARBEY**

vs.

Defendants:
**SOUTHWEST AIRLINES, INC., et al.**

Received these papers on the 21st day of April, 2020 at 11:59 am to be served on **Daniel Nurnberg, 8812 Wagon Trail, Crossroads, Denton County, TX 76227**.

I, Brian Bankowski, do hereby affirm that on the **22nd day of April, 2020** at **6:20 pm, I:**

**INDIVIDUALLY/PERSONALLY** delivered a true copy of the **CITATION WITH COMPLAINT OF VINCENT DARBEY AGAINST SOUTHWEST AIRLINES AND DANIEL NURNBERG** with the date of delivery endorsed thereon by me, to: **Daniel Nurnberg** at the address of: **8812 Wagon Trail, Crossroads, Denton County, TX 76227**, and informed said person of the contents therein, in compliance with state statutes.

"My name is Brian Bankowski. My date of birth is 5/13/1965. My address is 324 Red Fox Lane, Denton, Texas 76210, USA. I declare under the penalty of perjury that the foregoing is true and correct. Executed in Denton County, State of Texas, on the 23RD day of April, 2020."

**Brian Bankowski**
PSC6817, EXP. 05/31/2021

Our Job Serial Number: PEL-2020000997

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**DANIEL NURNBERG**
**2432 WYMAN ST**
**DALLAS TX 75236**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VINCENT DARBEY**

Filed in said Court **13th day of April, 2020** against

**SOUTHWEST AIRLINES INC, DANIEL NURNBERG**

For Suit, said suit being numbered **DC-20-05554**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of April, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
TERESA JONES



---

**ESERVE**

**CITATION**

**DC-20-05554**

**VINCENT DARBEY**
vs.
**SOUTHWEST AIRLINES INC, et al**

ISSUED THIS
**13th day of April, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: TERESA JONES, Deputy

**Attorney for Plaintiff**
STEVEN R PITZNER
STEVEN R PITZNDER PC
10701 GLENEAGLES LANE
ROWLETT TX 75089
214-969-0001

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-20-05554

Court No.192nd District Court

Style: VINCENT DARBEY

  vs.

SOUTHWEST AIRLINES INC, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock_____,M. Executed at _____,

within the County of _____ at _____ o'clock _____ ,M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT 4

FILED
5/15/2020 4:24 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Veronica Vaughn DEPUTY

## CAUSE NO. DC-20-05554

| | | |
|---|---|---|
| VINCENT DARBEY, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SOUTHWEST AIRLINES, INC. and | § | |
| DANIEL NURNBERG, | § | |
| | § | |
| **Defendants.** | § | 192ND JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER AND DEFENSES

Defendant Southwest Airlines Co. (incorrectly named as Southwest Airlines, Inc.) ("Southwest") and Daniel Nurnberg ("Nurnberg") (collectively "Defendants") answer Plaintiff Vincent Darbey's ("Plaintiff") Complaint as follows:

### I.     GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendants deny each and every allegation contained in Plaintiff's Complaint against Defendants (the "Complaint") and any amendment or supplement thereto, and demand strict proof thereof by a preponderance of the credible evidence. With respect to any claims by Plaintiff for exemplary damages, Defendants demand strict proof by clear and convincing evidence.

### II.     DEFENSES INCLUDING AFFIRMATIVE DEFENSES

Defendants sets forth their defenses, including affirmative defenses, as follows:

1.     With respect to some or all of Plaintiff's claims, the Complaint fails to state a claim upon which relief may be granted.

2.     With respect to some or all Plaintiff's claims, Plaintiff has failed to timely and properly exhaust all administrative remedies.

---

3.      The Court lacks subject matter jurisdiction over Plaintiff's claims because they are preempted by the Railway Labor Act.

4.      All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to any protected category.

5.      If any improper, illegal, or discriminatory actions were taken by any of Southwest's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Southwest's policies, and were not ratified, confirmed, or approved by Southwest.  Thus, any such actions cannot be attributed or imputed to Southwest.

6.      If any improper, illegal, or discriminatory actions were taken by any of Southwest's employees against Plaintiff, they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Southwest and thus cannot be attributed or imputed to Southwest.

7.      All of Defendants' decisions and actions regarding Plaintiff were done in the exercise of proper managerial discretion, in good faith, and based on legitimate, non-discriminatory reasons.

8.      Plaintiff's claims are barred in whole or in part because Defendants would have taken the same action in the absence of any alleged impermissible motivating factor(s).

9.      Southwest has in place a clear and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Southwest, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination are barred.

---

**DEFENDANTS' ORIGINAL ANSWER AND DEFENSES**                                    **Page 2**

10.     Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to mitigate or minimize the alleged damages.

11.     Plaintiff's damages, if any, are barred in whole or in part by the doctrine of after-acquired evidence.

12.     To the extent punitive damages are sought by Plaintiff, Defendants are not liable for punitive damages under federal or state law, because neither Defendants, nor any of Southwest's employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized, ratified, or had actual knowledge of any such acts.

13.     To the extent punitive damages are sought by Plaintiff, Defendants are not liable for punitive damages under federal or state law, because the actions alleged were contrary to Southwest's policies and good faith efforts to comply with the laws.  Punitive damages would violate the Constitutions of the United States and the State of Texas.

14.     Defendants reserve the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

Respectfully submitted,

By: _/s/ Kristin Snyder Higgins_____
      KRISTIN SNYDER HIGGINS
      Texas State Bar No. 24046880
      kristin.higgins@ogletree.com
      JEREMY W. HAYS
      Texas State Bar No. 24083156
      jeremy.hays@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800 (Phone)
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

    This is to certify that on May 15, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the electronic system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.

      _/s/ Kristin Snyder Higgins_____
      KRISTIN SNYDER HIGGINS

42539687.1

# EXHIBIT 5

FILED
5/21/2020 8:33 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kellie Juricek DEPUTY

## CAUSE NO. DC-20-05554

| | | |
|---|---|---|
| **VINCENT DARBEY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **SOUTHWEST AIRLINES, INC. and** | § | |
| **DANIEL NURNBERG,** | § | |
| | § | |
| **Defendants.** | § | **192nd JUDICIAL DISTRICT** |

## DEFENDANTS' MOTION TO DISMISS

Defendant Southwest Airlines Co., incorrectly named as Southwest Airlines, Inc. ("Southwest") and Daniel Nurnberg (collectively, "Defendants") file this motion to dismiss Plaintiff Vincent Darbey's ("Plaintiff") petition dated April 13, 2020 (the "Petition") under Texas Rule of Civil Procedure 91a.[1]

### I. INTRODUCTION

Plaintiff is a former Southwest employee. His Petition shows that he is dissatisfied with the way his employment ended. It does not, however, allege a single valid cause of action against either Southwest or Nurnberg. Instead, Plaintiff purports to bring a panoply of vague state and federal claims against Defendants, largely without identifying the statutes under which he is asserting these claims and without describing how any conduct by Southwest or Nurnberg purportedly violates any such laws. All of Plaintiff's claims are legally and factually deficient, and the Court should dismiss them under Rule 91a.

---

[1] Defendants intend to remove this case to federal court. They file this motion only for the purpose of preserving their rights to assert the arguments set forth herein in light of Rule 91a's requirement that motions to dismiss be filed within 60 day of service of a petition on a defendant. Defendants will not set this motion for a hearing or subsequently ask the Court to rule on unless the federal court remands this case. Defendants reserve the right to remove this matter and specifically disclaim any waiver of that right.

---

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff contends that Southwest terminated his employment after a hearing over which Nurnberg presided. Pet. 3. Plaintiff's primary complaint is that the termination of his employment was "'unconscionable' and/or 'highly inappropriate,'" apparently because, he believes, Nurnberg "had a personal grudge and/or personal vendetta" against him. Pet. 3–4. He contends that the hearing violated "federal and/or state 'due process.'" Pet. 3. He also appears to assert claims for "unlawful termination," "misrepresentation," violation of federal and state discrimination laws, "breach of contract, fraud, deceit, malice, and/or gross negligence." Pet. 3, 5–6. Furthermore, he purports to bring claims under the Texas Uniform Declaratory Judgment Act. Pet. 5–6. He seeks $1.5 million in actual and compensatory damages along with exemplary damages. Pet. 8. As described below, some of Plaintiff's purported causes of action do not exist or are unavailable to him. Where he has identified theoretically viable causes of action, he has failed to plead legally sufficient claims. All his claims are subject to dismissal under Rule 91a.

## III. PROCEDURAL HISTORY

Plaintiff filed this action on April 13, 2020 and effected service on April 22. Defendants timely answered on May 15. Defendants filed this motion within 60 days of service. It is therefore timely. *See* Tex. R. Civ. P. 91a.3.

## IV. ARGUMENT AND AUTHORITIES

### A.    Standard of Review.

Rule 91a provides that a party "may move to dismiss a cause of action on the ground that it has no basis in law or in fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. A motion made under Rule 91a is akin to a motion dismiss made under Federal Rule of Civil Procedure 12(b)(6), which mandates dismissal if a

plaintiff "fails to state a claim upon which relief may be granted." *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). For that reason, federal authority interpreting Federal Rule 12(b)(6) is instructive in considering Rule 91a motions. *See, e.g., Kidd v. Cascos*, No. 03-14-00805-CV, 2015 WL 94336655, at *2 (Tex. App.—Austin Dec. 22, 2015, no pet.); *Godaddy.com LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied).

Under the Federal Rule 12(b)(6) standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wooley*, 447 S.W.3d at 76 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, the plaintiff's petition must contain enough facts to state a claim for relief that is plausible on its face. *Id.* Thus, while a court accepts all "*factual allegations* as true, [it] need not afford the same deference to plaintiff's *legal conclusions* or *conclusory statements*." *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 451 (Tex. App.—San Antonio 2016, pet. denied) (emphasis in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). None of Plaintiff's claims pass muster under this standard.

1.   **Several of Plaintiff's causes of action are legally insufficient because they do not exist or are unavailable to Plaintiff.**

Plaintiff asserted four claims that either do not exist or otherwise fail on their face as a matter of law: "due process," "unlawful termination" (i.e., wrongful termination), malice, and gross negligence.

   a.   **Due process.**

Plaintiff appears to assert direct claims against Defendants for due process violations. However, no such claims are available to him. His federal claim, if he had one, could arise under only the Fifth or Fourteenth Amendment to the United States Constitution—though he has identified no constitutional basis for the claim. The Fifth and Fourteenth Amendments apply only to conduct by state actors. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 (1987) (observing that in resolving Fifth Amendment claim "[t]he fundamental inquiry is whether the USOC is a governmental actor to whom the prohibitions of the Constitution apply"); *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) ("As a general matter the protections of the Fourteenth Amendment do not extend to 'private conduct abridging individual rights.'" (quoting *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961)). As a federal court has recently observed, Southwest is a "private company" and "is not a state actor." *Carter v. Transp. Workers Union of Am. Local 556*, 353 F. Supp. 3d 556, 576 (N.D. Tex. 2019) (dismissing plaintiff's "claims against Southwest based on the exercise of her rights under the First and Fifth Amendments" with prejudice). Defendants therefore "had complete freedom of action and [were] not bound by the due process clause of the Fifth Amendment," and "procedural safeguards guaranteed by the Fourteenth Amendment did not apply to [Plaintiff's] private contractual employment." *Hines v. Cenla Cmty. Action Comm., Inc.*, 474 F.2d 1052, 1058 (5th Cir. 1973) (affirming dismissal of plaintiff's federal due process claims).

---

Plaintiff also has no claim under the Texas Constitution, which does not provide any right of action for damages. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). Furthermore, as with federal due process claims, Texas "due process challenges require state action and must be brought against state actors." *Johnson v. State Farm Mut. Auto. Ins. Co.*, 520 S.W.3d 92, 101 (Tex. App.—Austin 2017, pet. denied) (citing *Davis v. Fisk Elec. Co.*, 268 S.W.3d 508, 530 (Tex. 2008); *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 91, 93 (Tex. 1997); *Yazdchi v. Tradestar Invs., Inc.*, 217 S.W.3d 517, 520 n.9 (Tex. App.—Houston [14th Dist.] 2006, no pet.)). Because neither of Defendants is a state actor, the Court should dismiss this claim.

**b.      Wrongful termination.**

Plaintiff's "unlawful termination" also fails. Texas is an employment-at-will state, meaning that, "[a]bsent a specific agreement to the contrary, employment may be terminated by either the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). The legislature has created several statutory exceptions to the employment-at-will doctrine. *Sawyer v. E.I. Du Pont De Nemours & Co.*, 430 S.W.3d 396, 399 (Tex. 2014) The Texas Supreme Court has recognized only one common-law exception to the employment-at-will doctrine: discharge of an employee for the sole reason that the employee refused to perform an illegal act. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). Accordingly, Texas law does not recognize a common-law cause of action for "wrongful termination" unless the termination falls within this "very narrow" *Sabine Pilot* exception. *Simmons Airlines v. Lagrotte*, 50 S.W.3d 748, 751-52 (Tex. App.—Dallas 2001, pet. denied); *Garza v. Doctors on Wilcrest, P.A.*, 976 S.W.2d 899, 901-02 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (holding that dismissal of plaintiff's cause of action for common law wrongful termination was proper because "she did not prove a

common law cause of action for wrongful termination within the narrow confines of *Sabine Pilot*"). To the extent Plaintiff alleges a standalone "wrongful termination" claim, he has not asserted that it falls within the *Sabine Pilot* exception or alleged that any other exception applies. This claim therefore fails as a matter of law.

### c.   Gross negligence and malice.

Plaintiff appears to assert standalone claims for gross negligence and malice. Pet. 5–6. To the extent he does so, these claims have no basis in Texas or federal law. *See, e.g.*, *City of Dallas v. Patrick*, 347 S.W.3d 452, 458 (Tex. App.—Dallas 2011, no pet.) ("[G]ross negligence is not separate, independent cause of action.") (citing *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 951 (Tex. App. —Austin 1990, writ denied); *Jackson v. City of Austin*, No 1:17-CV-1098-AWA, 2019 WL 5102575, at *8 (W.D. Tex. Oct. 11, 2019) ("There is no federal cause of action for 'gross negligence['] . . . ."); *Arana v. Figueroa*, 559 S.W.3d 623, 634 (Tex. App.—Dallas 2018, no pet.) ("Texas does not have a specific cause of action for "malice."); *Haffke v. Discover Fin. Services*, No. 4:10-CV-276, 2010 WL 5572765, at *1 (E.D. Tex. Dec. 17, 2010), *recommendation adopted*, 2011 WL 97995 (E.D. Tex. Jan. 12, 2011) ("The Court found that mental anguish was not a separate cause of action, but is only a measure of damages, and malice and gross negligence are in the same category as mental anguish."). Even if these claims did exist, Plaintiff has not identified their elements or how Defendants' conduct purportedly met those elements. Any such claims must therefore fail under Rule 91a.

### 2.   Plaintiff Has Not Sufficiently Asserted Claims for Breach of Contract, Employment Discrimination, Fraud, or Deceit.

Plaintiff has also alleged several additional claims that, while they do exist in the abstract, still fail because he has not alleged plausible violations. A mere recitation of the elements of a cause of action, of course, is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. In this

case, however, Plaintiff has not even provided this much. He has not identified any of the elements of any of these causes of action, much less explained why Defendants' purported conduct violates the law.

### a. Breach of contract.

The elements of a breach-of-contract claim are (1) a valid contract, (2) performance or tendered performance by plaintiff, (3) breach by the defendant, and (4) damages as a result of the breach. *Case Corp. v. Hi-Cass Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 769 (Tex. App.—Dallas 2005, no pet.). Rather than assert factual allegations to support his breach-of-contract claim, or even identify the elements, Plaintiff merely alleges, without more, that Defendants breached a contract between the parties.

Most crucially, the Petition fails even to identify an enforceable contract that Southwest or Nurnberg has supposedly breached. A valid contract exists if there is an offer, acceptance, mutual assent, execution and delivery of the contract with the intent that it be mutual and binding, and consideration supporting the contract. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). The Petition lacks factual allegations about every one of these required elements. It does not identify the alleged contract at issue, its duration, or any party's obligations under it. The closest it comes to naming a contract is its references to Southwest's purported "corrective discipline" policy.[2] But Plaintiff does not describe the terms of this policy, whether (and where) it is written, why or how it constitutes a contract, or how Defendants allegedly violated it. Further, even if Plaintiff could somehow correct these defects, employer policies do not constitute an employment agreement. *See Hicks v. Baylor Univ. Med. Ctr.*, 789 S.W.2d 299,

---

[2] Plaintiff also refers to "rules in the various [purported] employment agreement(s) between I.A.M. (the employees union) and [Southwest]" that include a requirement that union representatives be provided with certain information. Pet. 4. Plaintiff does not appear to assert a claim for any of these otherwise unidentified "agreement(s)," but, to the extent he does, the only provision he mentions gives rights to union representatives—not to Plaintiff. Plaintiff lacks standing to assert any claim on behalf of the representatives, who are not parties to this action.

---

302 (Tex. App.—Dallas 1990, writ denied) ("Texas courts have consistently held that general company manuals or handbooks . . . do not constitute written employment agreements." (emphasis in original; citations omitted)); *see also Anderson v. Triad Res., Inc.*, CIV.A. H-14-0737, 2014 WL 2205908, at *2 (S.D. Tex. May 27, 2014) ("The Court's research has not revealed a Texas law cause of action for violation of a company's internal policies and procedures.").

Moreover, Plaintiff has made no allegations regarding damages flowing from the alleged breach. Rather than identify the amount or nature of the injury he suffered from the supposed breach, much less how Defendants' actions caused that harm, Plaintiff mentions damages only in the "Prayer" section of the Petition. He asks for $1 million in actual damages, $500,000 in consequential damages, and an undetermined amount of exemplary damages. Pet. 8. He does not explain how much of these amounts are purportedly due to his contract claim or why he believes this is so. Plaintiff's breach-of-contract claim thus rests solely on "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotations omitted). The conclusory breach-of-contract allegations in the Petition are insufficient to entitle Plaintiff to the relief sought, and thus that claim has "no basis in law." Tex. R. Civ. P. 91a.1.

### a.   Employment discrimination.

The Petition mentions discrimination in a single sentence: it alleges that Plaintiff "was apparently subjected to discrimination and/or discriminatory tactics under both federal and/or state anti-discrimination policies and procedures as well as relevant state and/or federal anti-discrimination laws." Pet. 5. Plaintiff has not identified what these "anti-discrimination policies" and "anti-discrimination laws" are, nor has he suggested how Defendants' conduct violates them.

Moreover, even if Plaintiff had identified the source of the laws in question, he has not met even the most basic pleading requirements for asserting a viable claim. State and federal

discrimination statutes like Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Chapter 21 of the Texas Labor Code prohibit discrimination based only on certain protected characteristics like race, sex, religion, and age. *See, e.g.*, 42 U.S.C. § 2000e-2; 29 U.S.C. § 623; Tex. Lab. Code § 21.051. Plaintiff has not alleged that he is in a protected class, what that protected class is, or what conduct by Defendants constitutes discrimination on the basis of a protected characteristic. On the contrary, the stated reason for Nurnberg, and by extension Southwest's conduct, was that Nurnberg "had a personal grudge and/or personal vendetta" against Plaintiff. The Petition's single, vague sentence about discrimination is insufficient to state a legally sufficient claim for relief. *See Chhim v. Univ. of Houston Clear Lake*, 129 F. Supp. 3d 507, 515–16 (S.D. Tex. 2015) ("[V]ague factual and conclusory allegations are insufficient to state a valid Title VII claim.").

        **b.**      **Fraud, deceit, and misrepresentation.**

To state a claim for fraud,[3] a plaintiff must show that (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Again, Plaintiff has not explained why Defendants' conduct supposedly violates any of these elements. He has not even identified the representation or representations on which he

---

[3] Defendants interpret Plaintiff's "deceit" and "misrepresentation" claims to be identical to his fraud claim. To the extent Plaintiff asserts these two claims as standalone causes of action, they fail for the reasons identified in this section, and in particular because he has identified no "deceitful" statement or any misrepresentation. Likewise, Plaintiff refers to a claim for "statutory fraud." Compl. 3. But he does not identify the statutory source of that claim, its elements, or the purportedly fraudulent statement, act, or omission in question.

bases his claim. This failure is fatal. *See Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 186 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (upholding trial court's dismissal of fraud claim because plaintiff "fail[ed] to allege any misrepresentations that were made or any facts that were concealed or undisclosed"). The final six elements of a fraud claim presuppose the existence of a representation. Because Plaintiff has alleged none, the Petition is insufficient as to these elements, too. The Court should dismiss this cause of action.

>  **3.     The Court Cannot Issue a Declaratory Judgment Because No Justiciable Controversy Remains Between the Parties. Plaintiff Cannot Has No Basis for a Declaratory Action.**

The Texas Uniform Declaratory Judgments Act permits a court to "declare rights, status, and other legal relations" of the parties to a lawsuit. Tex. Civ. Prac. & Rem. Code § 37.003. For instance, parties may seek declarations of their rights under a will, deed, or other written contract. *See Roberson v. City of Austin*, 157 S.W.3d 130, 135 (Tex. App.—Austin 2005, no pet.). In any case, however, "[a] declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *see also Reuter v. Cordes–Hendreks Coiffures, Inc.*, 422 S.W.2d 193, 196 (Tex. App.—Houston [14th Dist.] 1967, no writ) ("It is basic that 'a justiciable, actual, real and bona fide controversy' is essential to the maintenance of a declaratory judgment action."). "The declaratory judgment act does not enlarge the trial court's jurisdiction; it is 'merely a procedural device for deciding cases already within a court's jurisdiction.'" *Envision Realty Group, LLC v. Chuan Chen*, No. 05-18-00613-CV, 2020 WL 1060698, at *4 (Tex. App.—Dallas Mar. 5, 2020, no pet. h.) (quoting *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam)). Indeed, neither the legislature nor the Texas Constitution has vested courts with the authority to render an advisory opinion. *See* Tex. Const. art. II, § 1; *Paulsen v. Tex. Equal Access to Justice*

*Foundation*, 23 S.W.3d 42, 45-46 (Tex. App.—Austin 1999, no pet.); *Olson v. Comm'n for Lawyer Discipline*, 901 S.W.2d 520, 522 (Tex. App.—El Paso 1995, no writ).

As described above, none of Plaintiff's claims pass muster under Rule 91a, and the Court must accordingly dismiss them. Absent any underlying claims, there is no justiciable controversy between the parties, and the Court should therefore dismiss Plaintiff's declaratory judgment claim as well. *See Transp. Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 227 (Tex. App.—Dallas 2012, no pet.) ("If a justiciable controversy does not exist, the trial court must dismiss the case for lack of subject-matter jurisdiction."); *Val-Com Acquisitions Tr. v. Wells Fargo Bank, Nat. Ass'n*, No. 3:10-CV-1331-L, 2011 WL 2517230, at *6 (N.D. Tex. June 23, 2011) (dismissing declaratory judgment claim on motion under Federal Rule 12(b)(6) because "there is no underlying claim for the court to adjudicate").

### 4. Attorneys' Fees.

The Court may award the prevailing party on a Rule 91a motion "all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." Tex. R. Civ. P. 91a.7. Plaintiff's Petition is fatally deficient for the reasons set out above. Defendants therefore request that, upon granting this motion and dismissing Plaintiff's baseless causes of action, the Court also award Defendants their reasonable and necessary attorneys' fees, for which Defendants will submit evidence at the appropriate time.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion; enter a take-nothing judgment for Defendants and against Plaintiff on each of his claims, causes of action, and requests for relief, dismissing the same with prejudice; award Defendants their reasonable and necessary attorneys' fees and costs; and grant all other and further relief, at law or in equity, to which they are justly entitled.

Respectfully submitted,

By: */s/ Kristin Snyder Higgins*
    KRISTIN SNYDER HIGGINS
    Texas State Bar No. 24046880
    kristin.higgins@ogletree.com
    JEREMY W. HAYS
    Texas State Bar No. 24083156
    jeremy.hays@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800 (Phone)
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    This is to certify that on May 21, 2020, the foregoing document was transmitted to the Clerk of Court using the Court's electronic system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.

    */s/ Kristin Snyder Higgins*
    KRISTIN SNYDER HIGGINS

42818368.2

---

**DEFENDANTS' MOTION TO DISMISS**