IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | |
|---|---|
| LUZVIMENDA DARBEY, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 3:20-cv-01329-E |
| | § |
| SOUTHWEST AIRLINES, INC., and | § |
| DANIEL NURNBERG, | § |
| | § |
| Defendants. | § |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support. (Doc. 49). The Court has considered the motion, response, reply, applicable law, and applicable portions of the record. The Court finds that the motion should be, and therefore is, GRANTED.

### I. Background Facts

Vincent Darbey worked as a Passenger Service Employee for Southwest Airlines Inc. for over ten years. The collective bargaining agreement ("CBA") between Southwest and Defendant International Association of Machinists and Aerospace Workers, District Lodge 142 ("Lodge 142") governed Plaintiff's employment. Lodge 142 is the certified collective bargaining representative of Southwest's Passenger Service Employees. Southwest fired Mr. Darbey from his position on February 7, 2020, for alleged misconduct in violation of the company's policy against sexual harassment. Lodge 142 filed a grievance and attempted to get Southwest to reinstate Mr. Darbey, but Southwest declined. The Union then informed Mr. Darbey that it had no viable basis to further appeal his termination grievance by proceeding to arbitration.

In April of 2020, Mr. Darbey filed suit in state court against Defendants—Defendants timely removed the case to Federal Court. Mr. Darbey responded with a motion to remand and several additional motions that indicated Mr. Darbey's desire to file an amended complaint.[1] The Court Denied the Motion to Remand and gave Mr. Darbey an opportunity to file amended pleadings. (Doc. 23). Mr. Darbey filed various supplemental documents in response. *See*, e.g., (Doc. 26).

After the filings, the Court turned its attention to Defendants' Motion for Judgment on the Pleadings, Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 5). The Court granted in part and denied in part, that motion. (Doc. 46 at 16–17). However, the Court granted Plaintiff a final opportunity to file another amended complaint asserting his (1) discrimination claims and (2) a fraud claim that is independent of the CBA. (Doc. 46). Mr. Darbey filed an amended complaint. (Doc. 47). The Defendants' filed a motion to dismiss in response. (Doc. 49). Before the Court could rule on the motion, Mr. Darbey passed away. His wife Luzvinda Darbey assumed the role of Plaintiff in this suit. (Doc. 82). Defendants' motion to dismiss is now before the Court.

**II.     Legal Standard**

    a.  Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most

---

[1] These motions included Mr. Darbey's Motion for Abatement (Doc. 15); Mr. Darbey's Motion to Add Additional Parties and to Arbitrate (Doc. 17); and Mr. Darbey's Request for Hearing re Darbey Response and Requested Arbitration (Doc. 22).

favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

### III. Analysis

    a. Plaintiff's fraud claims fail to meet the Federal Rules' heightened pleading standards.

Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) applies by its plain language to all claims of fraud. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363,

368 (5th Cir. 2001). At a minimum, the rule requires a plaintiff to plead the who, what, where, when, and how of the alleged fraud. *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020); *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015). Plaintiff alleges two forms of fraud: fraudulent concealment and common law fraud. However, Plaintiff fails to allege enough facts to allow this Court to conduct even a basic analysis, let alone to meet the heightened pleading standard.

Plaintiff's fraudulent concealment claim is short. The essential allegations are as follows:

> Defendants concealed from Darbey the fact that arbitration under the auspices of the Systems Board of Adjustment was the only forum with jurisdiction to hear his wrongful termination claim. Defendants concealed this from Darbey along with his union (i.e. Lodge 142) until after the 60 day period under which time period both the union and Southwest were obligated to sign the paperwork and file same with the National Mediation Bd. (sic) to initiate the mandatory arbitration which was the exclusive and sole venue with jurisdiction to hear Darbey's claims re (sic) unlawful discharge. In addition both the union [] and Southwest concealed from Darby the facts regarding a "bogus complaint" which resulted in discharge, denied him access to interview the witness, etc. etc. Such actions "in toto" constitute fraudulent concealment.

(Doc. 47 at 4). Darbey's argument regarding common law fraud consists of the following single unaltered sentence: "Here the Southwest Defendants and Darbey's union failed to disclose in the employee handbook and/or other materials the arbitration provisions and their exclusivity and alternatively specifically stated and/or informed Darbey that he needed to litigate if he wanted to challenge his dismissal by Southwest." (Doc. 47 at 5).

Plaintiff assumes too much and proves too little to meet the heightened pleadings standards of a fraudulent concealment claim. As an initial matter, Plaintiff does not explain what kind of notice he believes he was entitled to receive regarding the arbitration provision or why he believes he was entitled to receive it. More importantly, Plaintiff fails to specify "who" exactly concealed this provision from him, "when" they concealed it, or "how" they managed to

do so. *See Colonial Oaks*, 972 F.3d at 693–94 ("the Amended Complaint lacks all details regarding the where, when, and how of Nicol's allegedly fraudulent PCSP preparations. Pleading fraud requires particularity, and without this information, Rule 9(b) is not satisfied."); *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

Moreover, the Court has given Plaintiff multiple opportunities to cure these defects; further opportunities to plead would be futile. *See Willard*, 336 F.3d at 387 ("Willard has already had two opportunities to amend the complaint. The record indicates that the second instance in which the district court granted Willard leave to amend was to cure the complaint's lack of specificity . . . . it appears that a third chance to amend would prove futile."). Accordingly, Plaintiff's fraudulent concealment claim must be dismissed.

> b. Plaintiff's employment discrimination claim must be dismissed for failure to establish a *prima facie* case of employment discrimination.

Plaintiff brings claims for employment discrimination based on race and physical disabilities pursuant to Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 1981, and Chapter 21 of the Texas Labor Code. As an initial matter, Plaintiff failed to exhaust administrative remedies. More importantly, Plaintiff failed to establish a *prima facie* case of employment discrimination despite having no less than three opportunities to properly plead it.

> 1. Plaintiff's Title VII and Chapter 21 claims are unexhausted.

Before suing under Title VII, "a plaintiff must exhaust administrative remedies by filing a charge with the EEOC[.]" *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citations omitted). "To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue. Administrative exhaustion is not a jurisdictional

requirement, but neither is it merely a procedural 'gotcha' issue." *Id.* (citations omitted). Instead, "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Davis v. Fort Bend Cty.*, 893 F.3d 300, 307 (5th Cir. 2018) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 142 (5th Cir. 2016) (en banc); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)). "The analogous state-law employment actions also require exhaustion with the Texas Workforce Commission." *Schutt v. Garland Indep. Sch Dist.*, No. 3:17-CV-1708-B, 2019 U.S. Dist. LEXIS 114031, 2019 WL 3006768, at *4 (N.D. Tex. July 9, 2019) (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010)). Defendants have properly raised this affirmative defense in their motion to dismiss. (Doc. 49 at 7).

There is no indication in any of Plaintiff's complaints or his response to Defendants' motion to dismiss that he filed these claims with either a state or federal agency tasked with investigating discrimination claims. Moreover, he does not present any reason why he failed to do so nor any reason why he should be excused from the requirement. Thus, the claim should be dismissed for failure to exhaust administrative remedies. *See Story v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018) ("Even though administrative exhaustion is not a *jurisdictional* requirement, it is still a requirement. Given that Story offers no justification for his failure to exhaust, we affirm the district court's dismissal of Story's retaliation claim.") (footnote omitted) (emphasis in original).

Typically, the Court would dismiss this claim without prejudice so that Plaintiff could exhaust administrative remedies. *See, e.g.*, *McLeod v. Floor & Décor Outlets of Am., Inc.*, No. 3:20-CV-03134-E, 2021 U.S. Dist. LEXIS 114164, 2021 WL 2515750 at *2 (N.D. Tex. June 18, 2021) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004)). But the claims are now time barred by the applicable statute because more than 300 days have passed since Southwest fired Mr. Darbey. *See Amtrak v. Morgan*, 536 U.S.

101, 109–10 (2002) (citing 42 U.S.C § 2000e-5(e)(1)). Dismissing Plaintiff's claim for failure to exhaust would now result in a dismissal with prejudice. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *see also Morgan v. Tex. Dep't of State Health Servs.*, No. 3:18-CV-2626-L, 2022 U.S. Dist. LEXIS 14754, 2022 WL 256508, at *4 (N.D. Tex. Jan. 27, 2022) ("This serves as an alternate ground to dismiss this action, as it is too late and impossible for Mr. Morgan to cure his failure to exhaust administrative remedies."). Aside from failing the exhaustion requirement, Plaintiff also failed to establish a *prima facie* case of discrimination.

2. Plaintiff failed to establish a prima facie case of race discrimination.

Plaintiff does not allege facts to support direct discrimination; therefore, these claims must proceed under the burden shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by showing that "(1) Mr. Darbey is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *see Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016) (Section 1981); *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (Chapter 21).

Plaintiff sufficiently pled the first three elements of a *prima facie* discrimination claim. *See* (Doc. 47 at 6–7) (arguing Plaintiff is a disabled black man (protected class) who performed his job satisfactorily for 10 years without reprimand (qualified for the position) but was fired anyway (adverse employment action)). Defendants do not dispute the first three elements;

instead, they argue Plaintiff failed to properly plead element four. (Doc. 49 at 8). The Court agrees with Defendants.

Simply put, Plaintiff's argument is too speculative for the Court to find plausible. *See Twombly*, 550 U.S. at 555. Plaintiff, in the amended complaint, states only that "it appears Defendant Nurnberg and/or others due to race prejudice concocted a story about Plaintiff unlawfully touching a female employee. . . ." (Doc. 47 at 7) (cleaned up). Plaintiff does not explain this point any further in his response, stating only that no other non-black employee was treated this way so it "presumptively appears that management officials were 'anti-black.'" *Id.* (cleaned up). Plaintiff does not explain why it "presumptively appears" that the accusations against Mr. Darbey were "concocted" due to his race. Plaintiff does not allege any facts (such as racist remarks by Defendants) that, if true, could prove Defendants are "anti-black" or would make up the sexual harassment accusation against Mr. Darbey. The Court declines to make that large a leap. Plaintiff's claim here is speculative and fails to show an intent to discriminate based on race. Plaintiff's employment discrimination claim must be dismissed.

## IV.   Conclusion

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 49) is GRANTED. Because Plaintiff has again failed to meet the pleading standards, Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE. In addition, the Court finds that all other pending motions in this action are moot.

SO ORDERED: March 17, 2022.

Ada Brown
UNITED STATES DISTRICT JUDGE