#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF TEXAS
#### DALLAS DIVISION

| | | |
|---|---|---|
| LUZVIMENDA DARBEY, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:20-CV-01329-E |
| DANIEL NURNBERG and SOUTHWEST AIRLINES, INC., | | |
| Defendants. | | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for New Trial (Plaintiff's Motion). (Doc. 93). After considering the Motion; Defendants' response, (Doc. 94); the corresponding motion requesting decision, (Doc. 95); and Plaintiff's reply (Doc. 96)—the Court DENIES Plaintiff's Motion and denies Plaintiff's request for a decision, (Doc. 95), as moot. The Court enumerates its reasoning, hereunder.

### I.   BACKGROUND

The facts of this case have been summarized elsewhere in the record, so the Court will recount only the facts and procedural history that are pertinent. (*See* Doc. 92); *Darbey v. Sw. Airlines, Inc.*, No. 3:20-CV-01329-E, 2022 WL 816475, at *1 (N.D. Tex. Mar. 17, 2022). In the Court's previous memorandum opinion and order, the Court dismissed with prejudice the claims Plaintiff asserted against Defendants. Plaintiff now moves for a "Motion for New Trial," and requests, *inter alia* the following relief:

> We are not asking for anything here but for equity and justice.[1]

(Doc. 93 at 3) (footnote added).

> All Darbey wants is the justice system to work correctly. Give Darbey an opportunity to secure the facts (i.e., through a court appointed special master to investigate fair representation of Darbey by Lodge 142) and then Darbey as well as the Court can properly in accordance with the legal system under equity determine if further court actions are required (i.e. can the court still order the parties to arbitration under the Systems Board of Adjustment or alternatively, and/or as a fallback only, should damages be awarded to Darbey for fraud, misrepresentation, etc. etc. for failures of all of the Defendants (i.e. Southwest as well as the Lodge 142 in the referenced companion case) to inform Darbey of his rights to arbitration and properly submit his unlawful termination by Southwest required by law and/or the collective bargaining agreement to said mandatory arbitration before the Systems Board of Adjustment.

(Doc. 93 at 7-8). Plaintiff's Motion attaches no evidence but attaches, instead, responses and legal arguments to "Defendant's Second Notice of Noncompliance" and "Supplement to Plaintiff's Response to Defendant's Prior Motion to Dismiss." (Doc. 93-1).[2] Plaintiff's reply further explains the relief requested:

> Thus, Darbey submits this response requesting this court to either grant a new trial or simply just issue a simple order mandating that Southwest and Darbey's Union (Lodge 142) simply do their legally required job and sign the paperwork/arbitration submission form as they are required to do and submit said form to the National Mediation Board so that Darbey gets his legally mandated arbitration as to his unlawful dismissal.

(Doc. 96 at 3). The Court next addresses the applicable legal standards under Federal Rule of Civil Procedure 59.

---

[1] Throughout Plaintiff's Motion, Plaintiff refers to this Court as a "court of equity." (*See, e.g.*, Doc. 93 at 3). The Court addresses Plaintiff's requests for equitable relief, hereunder.

[2] The Court notes that Plaintiff's attachment to Plaintiff's Motion appears to address and argue filings that have already been adjudicated or otherwise do not ask for additional relief. (*See* Docs. 91, 92, 93-1). The attachment otherwise advances the same arguments previously addressed by this Court in its previous orders and herein.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59 provides the grounds for new trial and a motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59. Regarding new trial, Rule 59 states:

> (a) In General.
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
> (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Fed. R. Civ. P. 59(a). "As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court." *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, No. 3:98-CV-0282-D, 1999 WL 1032798, at *1 (N.D. Tex. Nov. 10, 1999). Regarding motions to alter or amend a judgment, Rule 59 states:

> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e). Rule 59(e) motions serve the narrow purpose of permitting "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam) (footnote omitted); *see also Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005)). The movant must demonstrate valid reasons to justify the court's reconsideration

of a prior ruling. *See Hearn v. Quarterman*, 2008 WL 679030, at *3 (N.D. Tex. Mar. 13, 2008). While "[t]he district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Insurance Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

### III. ANALYSIS

#### A. Plaintiff's "Motion for New Trial"

At the outset, the Court must acknowledge that Plaintiff's Motion refers to no specific Federal Rule of Civil Procedure upon which Plaintiff bases the Motion for New Trial. (Doc. 93). To the extent Plaintiff intended to move for a "new trial," such relief is denied. Plaintiff's Motion is not properly considered a motion for "new trial" because there was no trial; here, Plaintiff's claims were dismissed by a dispositive motion—a motion to dismiss. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) (explaining such a motion for "new trial" after summary judgment was "styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment."). Thus, because Plaintiff's claims were dismissed without jury or non-jury trial, the Court DENIES Plaintiff's request for new trial. *See* Fed. R. Civ. P. 59(a); *see generally Patin*, 77 F.3d at 785 n.1.

### B. Plaintiff's Motion to Alter or Amend Judgment

The Court next addresses Plaintiff's Motion in the context of a motion to alter, amend, or otherwise reconsider the order dismissing Plaintiff's claims with prejudice. *See* Fed. R. Civ. P. 59(e); *Patin*, 77 F.3d at 785 n.1.; *Templet*, 367 F.3d at 479. In accordance with *Trevino*, the Court addresses whether the Court's prior order should be altered or amended in accordance with Rule 59(e): (i) to accommodate an intervening change in controlling law, (ii) to account for newly discovered evidence, or (iii) to correct a manifest error of law or fact. *See Trevino*, 944 F.3d at 570.

Plaintiff's Motion fails to meet the first two narrow purposes for altering, amending, or otherwise reconsidering the Court's order in accordance with Rule 59(e). First, Plaintiff does not argue any intervening change in controlling law. Indeed, the majority of Plaintiff's Motion lacks citation to any authority, and the handful of cases cited are either not controlling on this Court or, otherwise, do not appear to support Plaintiff's contention(s). (*See* Docs. 93, 96). Second, Plaintiff offers no newly discovered evidence—as discussed above, Plaintiff's Motion attaches no evidence. (*See* Docs. 93, 96).

Third, Plaintiff's Motion fails to show why or how the Court committed a manifest error of law or fact. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (internal quotation omitted). "'Manifest error' is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation omitted).[3]

---

[3] *See, e.g.*, *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("[A] "manifest error" is an obvious mistake or departure from the truth.")

Plaintiff initially asserts that Defendant failed to inform Darbey of a "right to arbitration as to his termination,"—alleging the right to arbitration was "this secret window buried in the collective bargaining agreement." (Doc. 93 at 2). However, this assertion merely rehashes an argument that the Court has previously rejected. (*See, e.g.*, Doc. 82 at 4-5); *see generally Arrieta*, 2009 WL 129731, at *1. Indeed, the Court held a hearing on October 12, 2021, wherein Plaintiff asserted this arbitration issue. (Doc. 86). During that hearing the Court rejected Plaintiff's corresponding argument(s) regarding arbitration. (Doc. 86 at 31-40). Nevertheless, Plaintiff again asserts that Defendants had some obligation to inform Plaintiff of the arbitration agreement—purportedly within the collective bargaining agreement—but provides neither authority nor evidence to support that contention. Thus, Plaintiff has not demonstrated any error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy*, 394 F.3d at 325. Accordingly, the Court declines to alter, amend, or reconsider its judgment on this basis.

Plaintiff next complains that Defendant(s) "refused to allow any discovery." (Doc. 93 at 3-4, 6). However, Plaintiff fails to brief why—as the Court dismissed the claims with prejudice based on a failure to state a claim upon which relief can be granted, as pleaded—discovery would be proper, at that stage. *See* Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 9(b). Indeed, the Parties did not hold a Rule 26(f) conference, so the discovery period did not begin. *See* Fed. R. Civ. P. 26(d)(1).[4] Plaintiff does not direct the Court to any controlling authority that would entitle Plaintiff to discovery—under these circumstances and before the Rule 26(f) conference—and the Court has

---

[4] Notwithstanding, the Court notes Plaintiff made no effort to obtain discovery by court order in accordance with Rule 26. Fed. R. Civ. P. 26(d)(1) ("*A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except* in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order.*") (emphasis added).

found none. Plaintiff has not demonstrated any corresponding manifest error. Thus, the Court declines to alter, amend, or reconsider its judgment on this basis.

> Lastly, Plaintiff's Motion is rife with appeals to equity.
>
> However, in equity how could Darbey know of the 30 day window for Southwest and Lodge 142 to submit the proper paperwork[]
> . . . .
> However, is this really the way a court of equity such as this court is supposed to operate.
> . . . .
> Is it fair to the widow and children of Vincent Darbey to literally be "put out on the street" with no means of financial support due to such technicalities as raised by all of the Defendants and used by the court to deny the equities of this situation?
> . . . .
> Darbey has never had an opportunity at discovery or his day in court to confirm same and this court as a court of equity has thrown out Darbey's complaints as to all Defendants on alleged technicalities "dreamed up" by the large law firms representing these Defendants.
> . . . .
> We are not asking for anything here but for equity and justice. In addition, we were responding to the multitudinous attempts by counsel to dismiss on technicalities but not under equity or justice[]
> . . . .
> Thus, it is imperative that the Court now re-open not only this case, but the case previously dismissed re Lodge 142) and appoint a 3rd party special master/expert with authority to get the facts not only from Southwest but from Lodge 142. Is that an unreasonable request? I believe justice and equity say no.
> . . . .
> Since to date this has not occurred it would appear equity demands this matter to be re-opened under this Darbey Motion for New Trail
> . . . .
> How can the court dismiss claims when on the surface they appear to be valid and when further details as to said claims are being intentionally hidden from Darbey by refusal(s) of Southwest & Lodge 142 in the referenced companion case to respond to discovery? How can the court further dismiss without a hearing as to said refusal(s) under filed Darbey Motions to Compel as to Southwest & Lodge 142 in the companion case on the basis that Darbey has not plead sufficient facts (i.e., facts he can only secure via the discovery process which both the Southwest Defendants as well as the union Defendants (i.e. Lodge 142) failed to honor and felt they were more powerful than Darbey and could due to said "political power" dishonor Darbey requests? How can equity be served without the appointment of a special master, to review fair representation as to Darbey by Lodge 142?

(Doc. 93 at 2-7). Plaintiff's reply further states:

> Darbey notes in this response for this Court that equity demands a new trial.
>
> . . . .
>
> Equity demands either a new trial or alternatively a simple order of this Court ordering Southwest and Lodge 142 to sign the applicable arbitration request form and submit same to the National Mediation Board such that Vincent Darbey through his wife as surviving spouse can have the arbitration in accordance with his legal entitlement and/or legal rights to said arbitration. Going further, should Southwest and Darbey's Union (Lodge 142) get the benefit of their fraud and/or misrepresentation as to Darbey's rights to said arbitration and should they benefit from hiding such arbitration right(s) from Darbey. I am sure that "equity" would say no.

(Doc. 96 at 1-2). However, Plaintiff does not direct the Court to any authority that supports entitlement to any equitable relief, and the Court has found none. Indeed, Plaintiff characterizes the dismissal of the claims as "technicalities." But the Court did not dismiss Plaintiff's claims on mere "technicalities." Rather, as enumerated in the previous memorandum opinion and order, the Court dismissed Plaintiff's claims based on the Federal Rules of Civil Procedure and corresponding, controlling case law. (*See* Doc. 86). Again, the Court declines to alter, amend, or reconsider its judgment on this basis.

In accordance with Rule 59(e), the Court must deny Plaintiff's motion as (i) Plaintiff's Motion rehashes old arguments or otherwise advances theories that could have been presented earlier and (ii) Plaintiff demonstrates no valid reasons to justify the Court's reconsideration of its prior ruling. *See Arrieta*, 2009 WL 129731, at *1; *Hearn*, 2008 WL 679030, at *3. Indeed, Plaintiff fails to direct the Court to any intervening change in controlling law, newly discovered evidence, or manifest error of law or fact that would substantiate alteration or amendment of its ruling. *See Trevino*, 944 F.3d 567. Demonstrably, Plaintiff's Motion fails to "*clearly establish* either a manifest error of law or present any new evidence." *See Simon*, 891 F.2d at 1159 (emphasis added). For those reasons, the Court DENIES Plaintiff's request to alter, amend, or otherwise reconsider its ruling, which dismissed Plaintiff's claims with prejudice. (*See* Doc. 92).

## IV. CONCLUSION

For the reasons explained hereinabove, the court DENIES, in its entirety, Plaintiff's Motion. (Doc. 93). The Court further DENIES as MOOT Plaintiff's request for a decision. (Doc. 95).

**SO ORDERED.**

27th day of January, 2023.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE